**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RICKY R. TAYLOR, II,**

                               **CASE NO. 2:16-CV-780**

    **Petitioner,**                 **JUDGE ALGENON L. MARBLEY**

                               **Magistrate Judge Chelsey M. Vascura**

    **v.**

**WARDEN, LONDON
CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On October 6, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 11.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 14.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 14) is **OVERRULED**. The *Report and Recommendation* (Doc. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on charges of aggravated robbery, robbery, kidnapping, having a weapon while under disability, and rape, with firearm specifications. Petitioner asserts that he was denied his right to a speedy trial, that the trial court improperly failed to merge firearm specifications and he was denied the effective assistance of counsel because his attorney failed to raise the issue, that he was denied the effective assistance of trial counsel because his attorney failed to have DNA tested, that he was denied the effective assistance of appellate counsel, that the evidence is

constitutionally insufficient to sustain his convictions, and that his convictions are against the manifest weight of the evidence. The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or otherwise failing to provide a basis for relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that he was denied his right to a speedy trial. Petitioner argues that he was constructively denied the assistance of counsel, because his attorney should not have permitted any continuances, and should have objected to Petitioner's release on bond. Referring to *Hunt v. Mitchell*, 261 F.3d 575 (6th Cir. 2001), Petitioner claims that the trial court unconstitutionally forced him to choose between the right to a speedy trial and the right to counsel. Petitioner further maintains that the violation of Ohio's speedy trial statutes constitutes a cognizable ground for federal habeas relief. Petitioner argues that he should have been sentenced on only one firearm specification, because all of the crimes were a part of the same act or transaction, and involved allied offenses of similar import. He additionally asserts that he was denied the effective assistance of counsel because his attorney failed to raise these issues on appeal. Petitioner argues that he has established cause for his procedural defaults. He asserts that his actual innocence excuses any procedural default. He complains that his attorney prevented Deonte Christian, who would have stated that Petitioner did not have a gun on the night in question, from testifying as a defense witness, and failed to review statements that potential witnesses had provided to police.

Petitioner's arguments are not well-taken. The record does not, as Petitioner suggests, indicate that Petitioner was forced to waive his right to a speedy trial because the trial court granted him pre-trial release. To the contrary, defense counsel requested continuances of the trial date in order to prepare. In *Hunt*, referred to by the Petitioner, the defendant

> languished in jail for eighty-seven days before the grand jury
> returned an indictment charging him with felonious assault and

domestic violence. On his eighty-ninth day in jail, the prosecutor's office apparently realized that it needed to take quick action to bring Hunt to trial, else his indictment be dismissed under Ohio's speedy trial statute. See Ohio Rev.Code § 2945.71(C)(2), (E) (requiring person charged with a felony and held in jail in lieu of bail be brought to trial within ninety days after his arrest). The trial court hastily arraigned Hunt and appointed counsel. Unfortunately, the judge believed that Hunt had reached his ninetieth day of confinement without bail (where, in fact, it was his eighty-ninth day), and thus mistakenly concluded that trial must commence at once. The court therefore gave Hunt a choice: he could either waive his right to a speedy trial and receive more time for his counsel to prepare, or he could proceed immediately to trial that same afternoon. As previously discussed, the court refused to give Hunt's counsel ten minutes to consult with Hunt regarding his options, but instead asked Hunt point-blank whether he wished to start trial, to which Hunt responded, "Sure." Immediately thereafter, Hunt changed out of his prison clothes and the court began to impanel a jury.

*Hunt*, 261 F.3d at 584. Hunt had no opportunity to consult with his attorney. In view of these egregious circumstances, the Sixth Circuit held that the denial of the effective assistance of counsel should be presumed. *Id.* at 583-84. Such are not the circumstances here. Moreover, Petitioner has procedurally defaulted his claims by failing to raise them on direct appeal. For the reasons already well-detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner has failed to establish the denial of the effective assistance of appellate counsel so as establish cause for his procedural defaults. He likewise has failed to establish that new evidence reflects his actual innocence so as to permit a merits review of these claims. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005); *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).

Therefore, Petitioner's *Objection* (Doc. 14) is **OVERRULED**. The *Report and Recommendation* (Doc. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ⸻U.S.⸻. ⸻, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or failing to provide a basis for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

                                      \_\_s/Algenon L. Marbley_____

DATED: December 15, 2017                  ALGENON L. MARBLEY
                                        United States District Judge